IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA D. MARTINEZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | C.A. NO. C-08-268 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, TDCJ-CID, | § | |
| Respondent. | § | |

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2254, challenging the results of a disciplinary proceeding. Pending is petitioner's motion for appointment of counsel (D.E. 6).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Petitioner has not yet paid the filing fee or submitted a copy of his trust fund statement in support of his application for leave to proceed *in forma pauperis*, and his petition has not yet been initially screened. At this stage of the proceedings, an evidentiary hearing is unnecessary, and appointment of counsel is counsel at this time is not warranted..

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, petitioner's motion for appointment of counsel (D.E. 6) is denied without prejudice.

ORDERED this 21st day of August, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE